UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Thomas L. Hansen | Bankruptcy Case No.  05 B 34462 |
| Debtor | |
| | Chapter 7 |
| Joseph R. Voiland, Trustee, | |
| Plaintiff | Adversary No.  06 A 00561 |
| v. | |
| Debra Farilla, | |
| Defendant | |

## MEMORANDUM OPINION FINDING IN FAVOR OF DEFENDANT

This matter is before the Court on the complaint brought by Joseph R. Voiland, the Chapter 7 trustee (the "Trustee") pursuant to § 544 and § 548. The defendant, Debra Farella[1] (the "Defendant"), is represented by Thomas W. Byrnes. An evidentiary hearing was conducted on this matter on July 13, 2006. After consideration of the evidence admitted at trial and the post-trial briefs, this Court finds in favor of the Defendant.

### JURISDICTION

This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

---

[1] The Defendant's name is actually Farella, not Farilla as indicated on the adversary complaint.

1

## FACTS

The debtor, Thomas L. Hansen (the "Debtor") filed a voluntary Chapter 7 petition on August 30, 2005. At that time, the Debtor resided at 414 S. Collins, South Elgin, Illinois. That home was and is still owned by the Defendant. The Debtor and the Defendant were engaged to be married in July of 2005. In November of 2004, the Debtor and the Defendant discussed living together in her home, and the two agreed to share the living expenses, including the first and second mortgage, utilities and groceries. Although the Debtor never told the Defendant that he could not pay half of those expenses, he moved into her home in January of 2005.

When the Defendant asked for the funds to cover half of the living expenses, the Debtor informed her that he was not able to contribute any funds at that time but that he would when he was able to. The Debtor first tendered a check in the amount of $410.00 to the Defendant on April 15, 2005. That check represented reimbursement for an item the Debtor purchased from a friend's wife that the Defendant previously paid for. It was also around this time that the Debtor sold a home, his former marital residence, and received a little more than $21,000. The Debtor also tendered checks to the Defendant for living expenses as follows:

| | |
|---|---|
| 4/15/05 | $300.00 |
| 4/23/05 | $400.00 |
| 5/9/05 | $1,500.00 |
| 5/11/05 | $275.00 |
| Total: | $2,475.00 |

The Debtor's half of the monthly mortgage expense, i.e. rent, totaled $940.00 and the utilities totaled $407.00. The Debtor and Defendant discussed the unpaid portion of the living expenses and that he needed to pay them. The Debtor proposed paying for the

2

construction of a deck on the Defendant's home as repayment. The Defendant did not want payment in that form, but eventually agreed. The deck was constructed in the Spring of 2005 by Country Construction. The Debtor tendered the following amounts to Country Construction:

| | |
|---|---|
| 4/22/05 | $1,940.00 |
| 5/26/05 | $1,940.00 |
| 6/6/05 | $1,940.00 |
| Total | $5,820.00 |

In June of 2005, the Debtor began paying half of the mortgage expense directly to the mortgage lender, Countrywide Home Loans. He tendered the following funds to the lender:

| | |
|---|---|
| 6/6/05 | $934.50 |
| 7/11/05 | $934.47 |
| 8/7/05 | $934.50 |
| 9/9/05 | $934.50[2] |
| Total: | $3,737.97 |

The Defendant filed a proof of claim in this matter in the amount of $15,257.15 and indicated it was for "money loaned" and "rent." (Trustee's Ex. 13.) The Defendant testified that her claim consisted of unpaid expenses. Her claim consists of the following:

| | |
|---|---|
| January | $1,791.02 |
| February | $1,378.14 |
| March | $1,838.55 |
| April | $1,555.92 |
| May | $1,368.47 |
| June | $103.38 |
| July | $6,078.09 |
| August | $342.58 |
| Total: | $14,455.74 |

The Trustee stated that he asked the Debtor's attorney to have the Debtor

---

[2] The last check was tendered post-petition. This fact, however, is not relevant due to the Trustee's concession that the checks tendered directly to the mortgage company were made in the ordinary course.

3

appear at the hearing, but the Debtor did not appear. Therefore, the only evidence as to the financial condition of the Debtor consists of the Debtor's Chapter 7 petition and the Defendant's uncontroverted testimony. The Defendant testified that while she was aware that he owned a home and collected rent between the time he moved in with her and the time the home was sold, she had no idea how much rent he collected and also did not know how much he earned for a salary. The Debtor never showed her his checking account information. However, the Debtor owned collector cards, hot wheels and antiques that were kept at the Defendant's home. While the Debtor never specifically indicated their worth, he did tell her they were worth a lot of money. In addition, the Debtor told the Defendant that he would receive an inheritance when his God-Mother, Ellen Hopper, died. Ellen Hopper passed away in February of 2006, but the Defendant does not know if the Debtor actually received an inheritance.

At the close of the Trustee's case, the Defendant moved for a directed finding as to her status as an insider on the basis that an intimate relationship does not meet the standard of proof required. The Court reserved ruling on the motion until the close of the evidence.

## DISCUSSION

In order to establish a preference, the Trustee must establish that the transfers were: 1) to or for the benefit of a creditor; 2) for or on account of an antecedent debt owed by the Debtor before the transfer was made; 3) made while the Debtor was insolvent; 4) made between ninety days and one year before the date of the filing of the petition, if such creditor was an insider; and 5) that the transfer enabled the creditor to receive more than she would receive if the case were a case under chapter 7 and the transfer had not been made. 11 U.S.C.A. § 547(b). The Defendant asserts that the

Trustee failed to meet his burden to prove that the Debtor was insolvent and that the Defendant was an insider.

First, the Court must determine whether the Debtor was insolvent at the time the transfers were made. "[T]he trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest ... has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C.A. § 547(g). This is true even with respect to insolvency. "[T]he debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C.A. § 547(f). However, the presumption merely shifts the burden of going forward on the issue of insolvency to the preference defendant. *In re Alper-Richman Furs, Ltd.*, 147 B.R. 140, 153 (Bankr. N.D. Ill. 1992).

The ultimate burden of proof on the insolvency question remains with the trustee. *Id.* (citing *In re Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir.1990)). "If a trustee proves that a transfer is avoidable as a preference, the burden of proof shifts to the defendant to establish one of the affirmative defenses to preference recovery found in § 547(c). *Id.* (citing 11 U.S.C.A. § 547(g)). The burden is on the Trustee to prove insolvency by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991). The Trustee must establish that the Debtor was more likely insolvent than not at the time of the transfers. *In re KZK Livestock, Inc.* 290 B.R. 622, 625 -626 (Bankr. C.D. Ill. 2002).

The Defendant disputes that the Trustee proved two elements to establish a preference. First, the Defendant disputes that the Debtor was insolvent at the time the transfers were made. The transfers at issue were made between August 15, 2005 and

5

June 6, 2005. "If, at the time of the transfer, the [debtor] is capable of paying all of his debts in full, no preference occurs under this section in his decision to select one or several creditors for initial payment since presumably all claims will eventually be satisfied." *In re Oneida Grain Co.*, 202 B.R. 606, 609 (Bankr. .C.D. Ill. 1996). The Defendant testified that she did not know what the Debtor's debts were at the time the transfers were made. The only evidence presented by the Trustee were the Debtor's schedules that indicate unsecured, nonpriority debt totaled $30,992.82 on August 30, 2005. The statement of financial affairs indicates the Debtor received $18,000 from the sale of the marital home in April 2005. Schedule I indicates the Debtor's gross monthly income totaled $3,520.00 per month. Schedule J lists $938.00 for rent, $150.00 for electricity and heating fuel, $40.00 for water and sewer and an additional $150.00 for property insurance.

The Trustee has not established by a preponderance of the evidence that the Debtor was more likely than not insolvent on the date of the transfers. The Debtor received $18,000.00 in the same month the first four transfers were made. The remaining transfers were made within approximately the next sixty days. While the $18,000.00 would not have paid the debts in full at the time the petition was filed, there was no evidence as to the amount of the Debtor's liabilities at the time the transfers were made or when the liabilities listed on the Debtor's schedules were incurred. In contrast, the Defendant testified that the Debtor kept valuable collectibles in her home and that the Debtor informed her that he was to receive an inheritance. Her testimony was undisputed. While no additional proof of such inheritance was presented, the Trustee bears the burden to establish the insolvency of the Debtor at the time of the transfers. Because the transfers occurred prior to the ninety days before the date the

6

petition was filed, no presumption of insolvency exists. Therefore, the Trustee has not met his burden to establish that the Debtor was insolvent at the time the transfers were made. Therefore, judgment will enter in favor of the Defendant.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.

Signed: September 28, 2006

MANUEL BARBOSA
United States Bankruptcy Judge